Dear Mr. Lundin:
You have requested an Attorney General Opinion regarding the provisions of La.R.S. 11:1901, et seq., as it relates to the reemployment of a retiree under the Louisiana Parochial Employees Retirement System ("PERS").
The hypothetical situation you present involves an individual who retired from the Plaquemines Parish Government which is a retirement participant under PERS. Your opinion request indicates that the individual is currently employed by a temporary employer who then leases or contracts the individual's services to the Parish as a legislative assistant to District 5.
You specifically ask whether this employment arrangement is subject to the provisions of La.R.S. 11:1928 and La.R.S. 11:1938. In short, the answer to your question is "no."
La.R.S. 11:1928, in pertinent part, provides the following concerning the reemployment of a member of PERS:
 A. Any person who has retired under the provisions of this Chapter may be temporarily employed by an employer participating in this plan, subject to the following limitations. If a retiree is under age sixty-five or has not been retired at least three years, he may be employed no more than four hundred eighty hours in a calendar year. If a retiree is age sixty-five or older and has been retired at least three years, he may be employed no more than one thousand forty hours in a calendar year. However, if the retiree is employed longer than the maximum hours stated above, his retirement benefit will be reduced by the amount earned after the allowed number of hours. *Page 2 
 B.(1) If the retired member, who is otherwise eligible, becomes permanently employed by an employer participating in this plan, the retired member and the employer shall immediately notify the board of the retiree's date of employment, the amount of his monthly salary, any changes in salary, number of hours employed per week, estimated duration of employment, and date of termination of employment. However, this Section shall not apply to retirees who are elected to office and are prohibited from joining this system under Article X, Section 29.1(A) of the Constitution of Louisiana.
 (2) At the time the retired member returns to permanent employment, the benefit of the retiree shall be suspended and he shall be considered as returning to active service and employee and employer contributions shall resume.
La.R.S. 11:1938, in pertinent part, provides the following concerning the deferred retirement option plan ("DROP"):
 L. A member who terminates employment and receives a lump sum or annuity distribution from the applicable Deferred Retirement Option Plan Fund and who subsequently returns to covered employment within a period less than the length of time that the member participated in the plan shall repay all funds withdrawn from the applicable fund, together with interest thereon from date of withdrawal to date of repayment at the valuation interest rate.
Subsection (A) of La.R.S. 11:1928 allows a person to be temporarily employed by an employer participating in PERS with certain restrictions. Employment is allowed for no more than 480 hours in a calendar year, if a retiree is under the age of 65 or has not been retired at least (3) years. Employment is allowed for no more than 1,040 hours in a calendar year, if the retiree is 65 or older and has been retired at least three (3) years. Subsection (B) requires suspension of a retiree's retirement benefits if he returns to permanent employment by an employer participating in PERS. In our opinion, La.R.S. 11:1928 (A) and La.R.S.11:1928 (B) only apply to a retiree who becomes employed by an employer participating in PERS.
Subsection (L) of La.R.S. 11:1938 mandates that a member, who terminates employment and receives a distribution from the applicable DROP account and *Page 3 
then returns to covered employment within a period of less than the length of time that the member participated in the plan, must repay all funds withdrawn from the applicable fund together with interest. However, Subsection (L) only applies to a person who returns to "covered employment." We understand from legal counsel for PERS that PERS interprets this provision as requiring the person to return to employment with an employer who participates in PERS.
It is important to note here that this opinion is limited to the issues raised in your request and does not extend to issues that may arise under the Code of Governmental Ethics, La.R.S. 42:1101 et seq. As these are issues subject to the enforcement authority of the Board of Ethics, complaints or requests for advisory opinions should be submitted to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, telephone 225-763-8777.
Based on the foregoing information, it is the opinion of this office that La.R.S. 11:1928(A), La.R.S. 11:1928(B) and La.R.S. 11:1938(L) are not applicable to the hypothetical situation you have presented, where the retiree is employed by a leasing agency that leases his services to an employer participating in PERS. Furthermore, this office does not believe this arrangement invokes the limitations and restrictions of either La.R.S. 11:1928 or La.R.S. 11:1938, but expresses no opinion on the applicability of any provisions of the Code of Governmental Ethics.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________________
 CLAUDEIDRA MINOR
 Assistant Attorney General
 JDC:CMM:Irs